# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-00660-GCM

| | |
|---|---|
| **HENRY JACKSON,** | |
| **Plaintiff,** | |
| v. | **ORDER** |
| **ANDREW SAUL,** Commissioner of Social Security, | |
| **Defendant.** | |

**THIS MATTER** comes before the Court upon Defendant's Rule 12(b) Motion to Dismiss for Failure to Perfect Service of Process on Defendant (ECF Doc. 4). Defendant moves for entry of judgment in his favor pursuant to Rule 12(b) of the Federal Rules of Civil Procedure due to the failure of Plaintiff to perfect service of process upon Defendant as set forth in Rule 4(i)(1) of the Federal Rules of Civil Procedure. ECF Doc. 4 at 1.

A court may not exercise personal jurisdiction over a defendant where the procedural requirements of service of summons are not satisfied. *Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). The "plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4." *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003). To serve the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1). Further, to properly serve a United States agency or a United States officer or employee in an official capacity, "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2).

Here, Defendant alleges that the Office of the United States Attorney for the Western District of North Carolina was served with a copy of Plaintiff's Complaint on December 2, 2019. ECF Doc. 1, ¶ 2. Defendant never received any information that either the Attorney General of the United States or the Commissioner of Social Security was served with a copy of the Summons and Complaint. ECF Doc. 4 at 1. No return of summons was filed indicating service was perfected. *Id.* While the Court should allow *pro se* litigants some degree of lenity, the plain requirements for effecting service may not be ignored. *Cunningham v. Wells Fargo N.A.*, No. 3:19-cv-00528-FDW, 2020 WL 5300843, at *2 (W.D.N.C. Sept. 4, 2020). Here Plaintiff has failed to respond to this Motion or to file anything indicating that service was perfected. Therefore, dismissal is appropriate pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that Plaintiff's case is **DISMISSED**.

Signed: January 19, 2021

Graham C. Mullen
United States District Judge